# IN THE DISTRICT COURT OF MCCURTAIN COUNTY
## STATE OF OKLAHOMA

| | |
|---|---|
| Shelby Andolino, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CJ-22-105 |
| ) | |
| Barry Wayne Collins and CRST ) | |
| Expedited, Inc., ) | |
| ) | |
| Defendants. ) | |

COURT CLERK'S OFFICE
County of McCurtain, State of Oklahoma
FILED
OCT 24 2022
KATHY GRAY, Court Clerk
By_____ Deputy

## PETITION

**COMES NOW** the Plaintiff and for her petition against the Defendants alleges and states as follows:

1. That the Plaintiff is a resident and citizen of the city of Idabel, McCurtain County, State of Oklahoma.

2. That the Defendant, Barry Wayne Collins, is a resident and citizen of the city of Houston, Harris County, State of Texas.

3. That the Defendant, CRST Expedited, Inc., is a foreign for-profit business Corporation doing business in McCurtain County, State of Oklahoma.

4. That the collision between the parties to this lawsuit occurred on or near US Highway 259 and Oklahoma State Hwy., Southeast/Washington Street, in the city of Idabel, McCurtain County, State of Oklahoma.

5. That this Court has jurisdiction and venue over the parties and subject matter of this litigation.

6. That on or about November 3, 2020, the Plaintiff was facing south waiting to turn east from US Highway 259 onto Oklahoma State Hwy. 3 in the city of Idabel, McCurtain County, State of Oklahoma.

7. That the Defendant, Barry Wayne Collins, was traveling south on US Highway 259 in the city of Idabel, McCurtain County, State of Oklahoma.

8. That the Defendant negligently collided resulting in a collision with great force and impact causing injury to the Plaintiff in the city of Idabel, McCurtain County, State of Oklahoma.

9. That on November 3, 2020, the Defendant, Barry Wayne Collins, was working as an employee and/or agent of the Defendant, CRST Expedited, Inc.

10. That the injuries and damages to the Plaintiff were directly and proximately caused by the negligence of the Defendants and include, but are not limited to the following:

    (a) failure to operate a vehicle at a safe speed for traffic conditions;

(b) failure operate a vehicle at a safe speed under the conditions so as to maintain control;

(c) failure to devote full time and attention to driving;

(d) failure to stop or reverse the course of their vehicles so as to avoid a collision;

(e) failure to make a proper turn;

(f) failure to keep a proper lookout;

(g) The Defendants owed a duty to obey the statutes of the state of Oklahoma, in particular, 47 O.S. section 11. The disobedience of this statute amounts to prima facie evidence of the Defendant's negligence in failing to yield and is negligence per se.

11. As a direct and proximate result of the negligence of the Defendants, the Plaintiff's muscles, ligaments, tendons, soft tissues, bony structures, nerve centers and blood vessels of his body were pulled, torn, lacerated, strained, twisted, traumatized and their functions impaired. Plaintiff's injuries were permanent, painful and progressive.

12. As a direct and proximate result of the negligence of the Defendants, the Plaintiff was required to obtain medical treatment, has incurred medical expenses, will incur future medical expenses, will require future medical

treatment, has incurred pain and suffering, lost income, lost wage-earning capacity, and will incur future pain and suffering.

13. Pursuant to the provisions of 12 O.S. section 3226(B)(2), Plaintiff submits this preliminary computation of damages sought in this lawsuit. As this is an action for injury suffered by an adult, Plaintiff advises that all damages recoverable by law are sought, including those listed in OUJI3d 4.1. Under item(k), Plaintiff's medical bills incurred to date are $23,918.83.

Plaintiff does not know the amount of future medical expenses. These items are among the elements for the jury to consider in fixing the amount of damages to award to Plaintiff. Other than the amounts which Plaintiff has specifically identified, and which are capable of being ascertained to some degree of certainty, Plaintiff is unable to guess or speculate as to what amount of damage a jury might award. The elements for the jury to consider include the following:

A. Plaintiff's physical pain–and–suffering, past and future;

B. Plaintiff's mental pain and suffering, past and future;

C. Plaintiff's age;

D. Plaintiffs physical condition immediately before and after the accident;

E. the nature and extent of Plaintiff's injury;

F. whether the injuries are permanent;

G. the physical impairment;

H. the disfigurement;

I. loss of earnings/time;

J. impairment of earning capacity;

K. the reasonable expenses of the necessary medical care, treatment and services, past and future.

**WHEREFORE,** the Plaintiff prays for a judgment against the Defendants in an amount to exceed $75,000, costs, attorney fees, interest at the lawful rate, and any other such relief which the Court deems just and equitable.

*/s/ Mark Litton*

Mark E. Litton, O.B.A. No. 12751
Litton Law Firm, PLLC.
Attorney for Plaintiff
1900 N.W. Expressway, Suite 1220
Oklahoma City, OK 73118
Phone: (405) 896-7800
Fax: (405) 308-4141

**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**